UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------

PENNY S. STARK,

       Plaintiff,

  v.

                                   Case No. 20-cv-550-pp

ANDREW M. SAUL,

       Defendant.

------

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

------

       The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

       To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

       Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is married, and she has a 16-year-old daughter she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists no monthly wages or salary, but she indicates that her husband earns $3,000 per month. Id. at 2. The plaintiff's listed expenses total $2,930 per month ($280 mortgage, $200 car

1

payments, $2,000 other household expenses, $100 health therapy for her minor child, $200 back taxes, $150 life insurance), but the plaintiff states that her total monthly expenses are $3,230 (it appears that she might be counting the $300 she lists as the amount of support she provides for her daughter each month, id. at 1). Id. at 2-3. The plaintiff owns two automobiles, with a combined value of approximately $800; she owns a home worth $80,000 with approximately $40,000 in equity; she has a 401k worth approximately $5,000; and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am struggling financially. It is not only taking a toll on me but also my family. I am at my breaking point. Our expenses are more than what my husband takes in. We are barely surviving and have nothing in the bank. My minor child and adult son still lives at home—and that makes it even more difficult financially" Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed this court's form complaint. Dkt. No. 1. The complaint indicates that she is seeking review of an unfavorable decision by the Commissioner, that she was disabled during the time period included in the case, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Id. at 3. Specifically, the plaintiff states "[t]he finding that the claimant maintained a light RFC lack[ed] substantial evidence. The decision found that the claimant had a moderate limitation in concentration persistence and pace, but the RFC assessment (and VE questioning) failed to include proper limitations for this finding. A borderline vocational age issue exists but was not even mentioned or considered in the decision." Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 7th day of April, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**